716 So.2d 1156 (1998)
HANEY'S CHAPEL UNITED METHODIST CHURCH, et al.
v.
The UNITED METHODIST CHURCH, et al.
1961162.
Supreme Court of Alabama.
April 24, 1998.
Rehearing Denied June 19, 1998.
*1157 T.J. Carnes of Carnes & Carnes, P.C., Albertville, for appellants.
Will Beard of Beard & Beard, Guntersville, for appellees.
KENNEDY, Justice.
This appeal involves a property dispute between the United Methodist Church and the congregation of a local church located in Haney's Chapel, Alabama. The trial court entered a judgment declaring the United Methodist Church[1] to be the equitable owner of the realty and buildings where the local church is located; the representative members of the local congregation[2] appealed. We reverse and remand.
The United Methodist Church ("UMC") sued to quiet title to the local church property after a majority of the local congregation passed a resolution to withdraw from the Methodist Conference. The UMC claimed title to the property, based on the local church's hierarchical relationship with the national church and based on several sections of The Book of Discipline of the United Methodist Church ("The Discipline"). The Discipline contains the governing rules of the UMC, and it requires that all property held by an unincorporated local church be held, in trust, for the use of both the local church and the UMC. At trial, the defendant members of the local church argued that the property rules set out in The Discipline did not apply to the local church property for two reasons: (1) the local church had not been in a hierarchical relationship with the UMC and (2) the property on which the local church is located was conveyed to the community of Haney's Chapel, Alabama, in trust, for a nondenominational, union church.
After an ore tenus hearing, the trial court found that, since 1931, the local church had been connected with the UMC and that it had agreed to be bound by the rules of The Discipline. Based on these findings and the holding in African Methodist Episcopal Zion Church of America, Inc. v. Zion Hill Methodist Church, Inc., 534 So.2d 224 (Ala.1988) ("Zion Hill"), the trial court held the UMC *1158 to be the equitable owner of the property. On appeal, the representative members of the local church raise only one issue.[3] They contend that the trial court erred in not finding that the 1909 and 1978 deeds conveyed the property, in trust, for the benefit of the community of Haney's Chapel and that the property, therefore, could not be diverted from its charitable purpose by any agreement with the UMC.
At the outset, we note that civil courts have general authority to resolve church property disputes; however, the First Amendment to the United States Constitution prohibits a court's resolving property disputes on the basis of religious practice or doctrine. Presbyterian Church v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440, 449, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969); Jones v. Wolf, 443 U.S. 595, 602, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979). Alabama courts have adopted the "neutral principles of law" approach applied in Hull, 393 U.S. at 449, 89 S.Ct. 601, and will consider, in purely secular terms, the language of the deeds, the charter of the local church, any applicable state statutes, and any relevant provisions contained in the discipline of the national church as a means of adjudicating the dispute. Trinity Presbyterian Church of Montgomery v. Tankersley, 374 So.2d 861, 866 (Ala.1979); Zion Hill, 534 So.2d at 225. Following this approach, we find no evidence in the record of a local church charter and there are no state statutes to be considered.[4] Therefore, we turn our attention to an examination of the deeds that allegedly conveyed the property at issue and to the property clauses contained in The Discipline.
At this point, we note that the trial court made no findings with regard to these deeds and based its decision entirely on the requirements of The Discipline and the holding in Zion Hill. The Zion Hill case involved a local church that had withdrawn from its association with a national religious organization know as the African Methodist Episcopal Zion Church in America ("AMEZ"). Because of the lack of other considerations, this Court based its decision regarding the issue of ownership solely on whether the local church had been associated with the AMEZ and whether it had agreed to be bound by the AMEZ discipline. Id. The Court went on to find that the local church had agreed to be governed by the rules of the AMEZ, and it instructed the trial court, on remand, to declare the AMEZ to be the equitable owner of the local church property. Id. at 228. However, although it is initially similar to the facts of this case, Zion Hill did not involve a deed, and the opinion did not address the potential effect of such an instrument on a church property dispute.
Our review, in this case, indicates that the property on which the local church is located was acquired in two transactions, each of which is evidenced by a recorded deed. The first deed, dated 1909, was made by several members of the Bain family; it purported to grant approximately 2 acres to "This Community for a Union Church ... To Have and to Hold to the said Community heirs and assigns, in fee simple, forever." The second deed, dated 1978 and issued by two descendants of the 1909 grantors, purported to transfer the same two acres as the 1909 deed and approximately two additional acres to "Simp Bain, Matheny Bain, and Mattie Ruth Brown as Trustees for the Union Chapel at *1159 Haney's Chapel, their successors in office and assigns."
The members of the local church argue that both the 1909 deed and the 1978 deed convey the church property, in trust, for a nondenominational, union church. However, the 1909 deed does not contain a trust clause. In addition, the designation of the grantee as "This Community" is ambiguous; for a deed to serve as a successful conveyance, the grantee must be identifiable with certainty. Lilly v. Earl, 463 So.2d 143, 145 (Ala.1984); 23 Am.Jur.2d Deeds § 35 (1964). Although the record contains a substantial amount of testimony regarding the definition of "This Community," there is no consistent or clear evidence regarding the intent of the grantors or the exact meaning of the designation. Therefore, the 1909 deed is void, and title to the original two acres on which the local church is located remained in the 1909 grantors.
The 1978 deed purported to convey the same two acres as the 1909 deed and two additional acres to three named trustees, who were described as "Trustees for the Union Chapel at Haney's Chapel, their successors and assigns."[5] The UMC argues that the trustees named in the 1978 deed were trustees for Haney's Chapel United Methodist Church and were duly elected and recognized at a Methodist "charge conference." However, the members of the local church argue that the three trustees represented the community and were the trustees of the local, nondenominational union church. If the language of the 1978 deed was unambiguous, then this Court would have no option; it would have to enforce the plain terms of the deed, in order to give effect to the grantors' intent. However, the description of the three trustees as trustees for the Union Chapel at Haney's Chapel gives rise to an ambiguity that allows this Court to consider extrinsic evidence in order to ascertain the grantors' intent. Lietz v. Pfuehler, 283 Ala. 282, 215 So.2d 723 (1968).
In African Methodist Episcopal Church v. St. Paul Methodist Church of Selmont, 362 So.2d 868 (Ala.1978), this Court affirmed the trial court's judgment granting the local church title to the church property, free from any interest by the national church. In St. Paul, extrinsic evidence was also used to determine the grantor's intent, because the deed conveying the property to the local church was ambiguous. Id. at 872. Despite the rules contained in the discipline of the national church, this Court held that the evidence supported the trial court's finding that the grantor had intended to convey the property to the local church free from any control of the national church. Id.
Examining the circumstances existing when the 1978 deed was executed, it appears the grantors in this case, like the grantors in St. Paul, clearly intended to convey the property to the local church and to ensure that the national church could not gain title to the property. The best indication of this comes from the fact that the 1978 deed was prepared immediately after the 1978 grantors were told by the UMC that the national organization held equitable title to the local church property. In response to this, a local attorney was asked to draw up the 1978 deed in order to correct any problems that existed in the 1909 deed and to carry out the intent of the original 1909 grantors. The evidence also indicates that the trustees listed in the 1978 deed understood that the property belonged to the local church and was not to be transferred to the UMC. Mattie Brown, one of the trustees listed in the 1978 deed, testified that she and the other trustees were later asked by the UMC to "sign over the property to the Methodist Association," but that they refused to do so. Based on the UMC's own declaration, during oral arguments before this Court, that the 1978 deed was an attempt to keep the national organization from gaining any interest in the property, there appears to be no real dispute regarding the intent of the 1978 grantors.
As in St. Paul, 362 So.2d at 873, the evidence in this case indicates that the 1978 *1160 grantors intended to convey the property to the trustees of the local church and to exclude the involvement and control of the national church. Therefore, we find that the deed granted the property to the trustees of the local church; because the church is unincorporated, the trustees and their successors hold legal title for the beneficiary class of the congregation. Id.
Accordingly, the judgment of the trial court is reversed and the case is remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON and COOK, JJ., concur.
SEE, J., concurs in the result.
MADDOX, SHORES, and HOUSTON, JJ., dissent.
MADDOX, Justice (dissenting).
I dissent. I agree with Justice Houston that the ore tenus standard of review applies in this case and that the judgment of the trial court is due to be affirmed under that standard.
It appears to me that there is sufficient evidence in the record to show that the original grantor intended that a church be constructed on the property. The history of the use of the property since the original grant convinces me that the trial judge did not err in his findings and his conclusions of law. I also believe that the equitable principles underlying the doctrine of adverse possession are informative. Cf. Pogue v. White Stone Baptist Church, 554 So.2d 981 (Ala.1989); Shepherd v. Scott's Chapel, A.M.E. Zion Church, 216 Ala. 193, 112 So. 905 (1927).
HOUSTON, Justice (dissenting).
I dissent. The ore tenus rule is our standard of review, because the trial court based its judgment on ore tenus evidence presented at a hearing. The trial court's factual determinations are not clearly erroneous and without supporting evidence, manifestly unjust, or against the great weight of the evidence.
SHORES, J., concurs.
NOTES
[1] The plaintiffs were the United Methodist Church, successor of the Methodist Church; the Board of Trustees of the North Alabama Conference of the United Methodist Church, Inc.; and the trustees of the Albertville District of the United Methodist Church. The list of plaintiffs included each hierarchical entity, within the United Methodist Church, that was related to the control of the local church.
[2] The named defendants included Haney's Chapel United Methodist Church, Harry Kirkley, Joe Culbert, David Culbert, Phil Lusk, Betty Culbert, and Marie Lusk. No organization known as Haney's Chapel United Methodist Church ever filed an answer or made an appearance before the trial court.
[3] As Justice Houston indicates in his dissent, the trial court held an ore tenus hearing in this matter and based its order on several findings of fact. These findings are clearly entitled to a strong presumption of correctness, and this opinion in no way attempts to reverse the trial court's factual determinations. At the trial court level, the local church contested its membership in the UMC but, after trial, the representative members declined to appeal the trial court's findings regarding their affiliation with the national organization.
[4] Section 10-4-22, Ala.Code 1975, which is entitled "Independence of church corporations in control of real property," states that, unless clearly stated in the deed or voted on by a majority of the adult congregation, a church corporation organized under the laws of this state shall remain independent from the regulation of a higher church body insofar as the management, control, disposition or alienation of its property is concerned. However, the statute applies only to the rights of incorporated church bodies, and Haney's Chapel Church is unincorporated.
[5] The 1978 grantors were heirs of the 1909 grantors, and they held title to the original two acres described in the 1909 deed.