HOUSTON, Justice.
This appeal involves a property dispute between the Central Alabama Conference, African Methodist Episcopal Zion Church in America (“Central Alabama Conference”) and the congregation of Franklin Church, located in Macon County. The trial court granted Franklin Church’s motion for a summary judgment and determined that Franklin Church owned the *866 property on which the church building was located. We issued a writ of certiorari to review the Court of Civil Appeals’ affir-mance, without an opinion, of the trial court’s summary judgment. Central Alabama Conference, African Methodist Episcopal Zion Church in America v. Carl Moore (No. 2000761, May 17, 2002), - So.2d - (Ala.Civ.App.2002) (table). We reverse and remand.
The African Methodist Episcopal Zion Church (“the AME Zion Church”) is a hierarchical church with member churches located throughout the United States. The AME Zion Church was first organized in the United States in 1776. The Central Alabama Conference of the AME Zion Church, which presides over all AME Zion member churches in Alabama, was organized approximately 130 years ago. All AME Zion member churches follow “The Book of Discipline of the AME Zion Church,” which governs member churches with respect to such things as their articles of faith, church government, title to church property, appointment of pastors and presiding elders, the power and authority of bishops, and the organization of annual and general conferences.
Franklin Church, which has maintained a place of worship in Macon County for more than 130 years, has long been affiliated with the AME Zion Church. In the late 1860’s, J.A. Chapman conveyed two acres of land to Franklin Church. The original deed was lost; it was replaced by a deed dated July 17, 1920, which shows the conveyance of the property from Chapman to the “Trustees of Franklin Church.” On April 12, 1947, the trustees of Franklin Church deeded the property to the “Trustees of the Franklin AME Zion Church.” The preamble to the 1947 deed stated that the 1920 deed should have stated that the property was deeded to the “Trustees of the Franklin AME Zion Church.” The final deed, dated November 14, 1999, conveyed the property from the “Trustees of Franklin AME Zion Church” back to the “Trustees of Franklin Church.” Two weeks after the final deed was executed, Franklin Church notified the Central Alabama Conference that it was no longer an AME Zion member church.
Shortly thereafter, the trustees and members of Franklin Church sought in-junctive relief to prevent representatives of the Central Alabama Conference from using or entering the property on which Franklin Church is located. The Central Alabama Conference filed a counterclaim seeking a judgment declaring that the Central Alabama Conference owns the property on which Franklin Church is situated. Franklin Church filed a motion for a summary judgment; the trial court granted the motion, after determining that Franklin Church owns the property at issue. The Central Alabama Conference appealed.
The Central Alabama Conference argues that allowing Franklin Church to unilaterally sever its longstanding relationship with the AME Zion Church contradicts prior decisions of this Court. Specifically, the Central Alabama Conference points to African Methodist Episcopal Zion Church in America, Inc. v. Zion Hill Methodist Church, Inc., 534 So.2d 224 (Ala.1988), in which this Court held that the real property of Zion Hill Methodist Church, the local church, was the property of the AME Zion Church in America, the hierarchical church, under the provisions of the hierarchical church’s governing laws. The Central Alabama Conference contends that the Court of Civil Appeals’ affirmance of the trial court’s summary judgment was incorrect in light of Zion Hill because, it says, there were material issues of fact in dispute as to the effect and interpretation of *867 the deeds conveying the property. We agree.
Although this Court cannot resolve disputes concerning the spiritual or ecclesiastical affairs of a church, we can resolve disputes concerning property rights. Central Alabama Conference of the AME Zion Church in America v. Crum, 746 So.2d 1013, 1014-15 (Ala.Civ.App.1999). “However, the First Amendment prohibits a court’s resolving property disputes on the basis of religious practice or doctrine.” Id. at 1015. Alabama courts have adopted the “neutral-prineiples-of-law” approach applied by the United States Supreme Court in Presbyterian Church v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969). Crum, 746 So.2d at 1016. Under the “neutral-principles-of-law” approach, the court considers, in secular terms, “the language of the deeds, the charter of the local church, any applicable state statutes, and any relevant provisions contained in the discipline of the national church” as a means of resolving disputes. Crum, 746 So.2d at 1015.
The Central Alabama Conference argues that Franklin Church is bound by the Book of Discipline of the AME Zion Church. The Central Alabama Conference contends that the Book of Discipline mandates a finding that the property belongs to the AME Zion Church;[1] it says that a contrary finding would conflict with this Court’s decision in Zion Hill. In Zion Hill, the local church had withdrawn from its association with the hierarchical church. We found that the local church had agreed to be governed by the hierarchical church’s rules, and we held that the hierarchical church was the equitable owner of the property. We based our decision solely on whether the local church had been associated with the hierarchical church and whether the local church had agreed to be bound by the hierarchical church’s discipline. However, unlike the case before us, *868 Zion Hill did not involve a deed, and the Court did not discuss the effect a deed would have had on the dispute.
In Haney’s Chapel United Methodist Church v. United Methodist Church, 716 So.2d 1156 (Ala.1998), the national church sued to quiet title to the church property when the congregation of the local church voted to withdraw from the national church. After conducting an ore tenus hearing, the trial court found in favor of the national church based on the national church’s governing discipline. However, this Court found that the evidence indicated “that the ... grantors intended to convey the property to the trustees of the local church and to exclude the involvement and control of the national church.” Haney’s Chapel, 716 So.2d at 1159-60. Thus, we reversed the trial court’s judgment, holding that the language of the deed, not the governing discipline, controlled. Id. at 1160.
Likewise, Crum, supra, involved another property dispute between a local church and a national church where deeds were involved. After conducting an ore tenus hearing, the trial court found that because the deeds in question did not clearly state that the property belonged to the national church, and because the original grantors did not intend to deed the property to the national church, the local church owned the property. The Court of Civil Appeals affirmed the trial court’s ruling.[2] Crum, 746 So.2d at 1017.
In the instant case, three deeds are relevant: the 1920 deed from J.A. Chapman to the “Trustees of Franklin Church”; the 1947 deed from the trustees of Franklin Church to the “Trustees of the Franklin AME Zion Church”; and the 1999 deed from the trustees of the Franklin AME Zion Church to the “Trustees of Franklin Church.” Those deeds are ambiguous and allow for differing interpretations as to the ownership of the property. Unlike Haney’s Chapel and Crum, there is no indication that the grantors intended to convey the property to the local church and to exclude the hierarchical church.
In both Haney’s Chapel and Crum, extrinsic evidence presented at an ore tenus hearing helped determine the intent of the relevant deeds. 716 So.2d at 1157, 746 So.2d at 1014. No such hearing was conducted in the present case. Further, the AME Zion Church presented evidence indicating that Franklin Church, throughout its history, has accepted benefits from the AME Zion Church. The AME Zion Church has provided pastors, the pastors’ health insurance and retirement benefits, worship materials, and financial assistance in certain situations. Franklin Church has followed the Book of Discipline, it has been known throughout the community as an AME Zion member church, and it has followed the customs and policies of the AME Zion Church. These facts support the Central Alabama Conference’s claim that a hierarchical relationship exists between the AME Zion Church and Franklin Church. In Zion Hill, this Court held that when national and local churches have participated in a longstanding hierarchal relationship, the local church may not unilaterally sever that relationship. 514 So.2d at 228.
The summary judgment prohibits the Central Alabama Conference from presenting evidence at an ore tenus hearing *869 (such as was held in both Haney’s Chapel and Crum) to help define the meaning of the deeds in question. 716 So.2d at 1157, 746 So.2d at 1014. In such a hearing, the trial court would follow the “neutral-principles-of-law” approach and examine the deeds, the Book of Discipline, and other extrinsic evidence to help settle the current property dispute. See Crum, 746 So.2d at 1016.
In reviewing this case de novo and viewing all evidence in a light most favorable to the nonmovant Central Alabama Conference (pursuant to our standard in reviewing a summary judgment), we conclude that a genuine issue of material fact exists as to who is the true property owner. See Slay v. Keller Indus., Inc., 823 So.2d 623, 624 (Ala.2001). Specifically, a dispute exists as to the intent of the initial grantors of the property: whether they intended to convey the property to the Franklin Church to the exclusion of any national church or whether they intended to convey the property to the AME Zion Church. Likewise, the “trust clause” in the Book of Discipline, as it relates to the 1947 deed deeding the property to the “Trustees of the Franklin AME Zion Church,” creates a genuine issue of material fact as to who is the true property owner.
Based upon the foregoing, we hold that the trial court erred in granting Franklin Church’s motion for a summary judgment. Accordingly, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. As an AME Zion member church, Franklin Church was bound by a provision found in the Book of Discipline, which requires the following clause to be placed in any written instrument conveying the church’s property:
“In Trust that said premises shall be used, kept[,] maintained, and disposed of as a place of Divine Worship for the use of the Ministry, and Membership of the African Methodist Episcopal Zion Church in America, subject to the provisions of the Discipline, Usage, and Ministerial appointments of said Church, as from time to time authorized and declared by the General Conference of said Church and by the Annual Conference within whose bounds the said premises are situated. This provision is solely for the benefit of the [grantee], and the grantor reserved no right or interest in said premises.’’
Although the deeds that conveyed the property to Franklin Church did not contain this clause, the Book of Discipline does contain the following provision:
"[T]he absence of the trust clause ... in deeds and conveyances previously executed, shall in no way exclude a local church from, or relieve it of, its African Methodist Episcopal Zion Church connectional responsibilities nor shall it absolve a local congregation or Board of Trustees of its responsibility to the African Methodist Episcopal Zion Church, provided that the intent and desire of the founders and/or the later congregations and Board of Trustees is shown by any or all of the following indications: (a) the conveyance of the property to the Trustees of the local African Methodist Episcopal Zion Church or any Trustees of the local African Methodist Episcopal Zion Church or any of its predecessors; (b) the use of the name, customs and policy of the African Methodist Episcopal Zion Church in such a way as to be thus known to the community as part of this denomination; (c) the acceptance of the pastorate of ministers appointed by a bishop of the African Methodist Episcopal Zion Church, or employed by the presiding elder of the district in which it is located.”

. Additionally, the local church in Cmm was incorporated. Ala.Code 1975, § 10-4-22, provides that unless clearly stated in the deed or voted on by a majority of the congregation, a church corporation organized under the laws of Alabama shall remain independent from the regulation of a higher church "insofar as the management, control, disposition or alienation of its real property is concerned.” This statute is not applicable in the present case because Franklin Church is unincorporated.