HOUSTON, Justice.
This appeal involves a property dispute in an action brought by the African Methodist Episcopal Zion Church (“AME Zion Church”) against the congregation of Simmons Chapel Church, which is located in Macon County. The trial court granted Simmons Chapel’s motion to dismiss and determined that Simmons Chapel owned the property on which the church building was located. We issued a writ of certiorari to review the Court of Civil Appeals’ affir-mance, without an opinion, of the trial court's dismissal. African Methodist Episcopal Zion Church v. Simmons Chapel Church (No. 2000762, May 17, 2002), - So.2d -(Ala.Civ.App.2002) (table). We now reverse and remand.
The AME Zion Church is a hierarchical church and member churches are located throughout the United States. The AME Zion Church was first organized in the United States in 1776. All AME Zion member churches follow “The Book of Discipline of the AME Zion Church,” which governs member churches with respect to such things as articles of faith, church government, title to church property, appointment of pastors and presiding elders, the power and authority of bishops, and the organization of annual and general conferences.
Simmons Chapel, which was known in its community as an AME Zion member church, has long provided a place of worship for its membership. In 1939, a portion of the property where the church building is located was conveyed from the Tuskegee Institute to the “Trustees of Simmons Chapel.” In 1944, Rayfield Cotton and Mattie Cotton conveyed the remainder of the property to the “Trustees of Simmons Chapel Church.”
In February 1975, Simmons Chapel was incorporated as “Simmons Chapel AME Zion Church, Inc.” The 1975 certificate of incorporation referred to the church as the “Simmons Chapel AME Zion Church” and indicated that it was in the church’s best interest for the trustees of Simmons Chapel to convey the property to the corporation:
“Be it further resolved that after the filing of the certificate with the Judge of Probate of Macon County, Alabama, the Trustees shall execute a conveyance of all of the interests that the Trustees of Simmons Chapel AME Zion Church have in that certain real property described in Deed Book 32 at page 319 and Deed Book 38 at page 101, Probate Office, Macon County, Alabama, [the church property] to Simmons Chapel AME Zion Church, Inc.”
There is no evidence indicating that a deed conveying the property to Simmons Chapel AME Zion Church, Inc., was ever recorded. However, on August 18, 1999, after Simmons Chapel’s congregation voted to withdraw from the AME Zion Church, the property was deeded from “Simmons Chapel AME Zion Church, Inc.,” back to the “Trustees of Simmons Chapel Church.” One week later, the church corporation was dissolved.
The AME Zion Church filed an action in the Macon Circuit Court seeking a declaration that the property on which the Simmons Chapel church building is located is owned by the AME Zion Church. Sim *872 mons Chapel filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim. After a brief hearing, the trial court granted Simmons Chapel’s motion to dismiss, determining that the property was owned by Simmons Chapel and not by the AME Zion Church.
The standard of review applicable to a motion to dismiss for failure to state a claim is set forth in Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993):
“On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala.1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App.1989). The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
Therefore, if the AME Zion Church could prove any set of circumstances justifying relief, the trial court should not have granted Simmons Chapel’s motion to dismiss. See Nance, 622 So.2d at 299.
The AME Zion Church argues that allowing Simmons Chapel to unilaterally sever its longstanding relationship with the AME Zion Church contradicts prior decisions of this Court. Specifically, the AME Zion Church points to African Methodist Episcopal Zion Church in America, Inc. v. Zion Hill Methodist Church, Inc., 534 So.2d 224 (Ala.1988), in which this Court held that the real property of Zion Hill Methodist Church, the local church, was the property of AME Zion Church in America, the hierarchical church, under the provisions of the hierarchical church’s governing laws. Here, the AME Zion Church contends that the Court of Civil Appeals’ affirmance of the trial court’s dismissal was incorrect in light of Zion Hill because, it argues, the AME Zion Church could prove circumstances justifying relief. We agree.
Although this Court cannot resolve disputes concerning the spiritual or ecclesiastical affairs of a church, we can resolve disputes concerning property rights. Central Alabama Conference of the AME Zion Church in America v. Crum, 746 So.2d 1013, 1014-15 (Ala.Civ.App.1999). “However, the First Amendment prohibits a court’s resolving property disputes on the basis of religious practice or doctrine.” Id. at 1015. Alabama courts have adopted the “neutral-principles-of-law” approach applied by the United States Supreme Court in Presbyterian Church v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969). Crum, 746 So.2d at 1016. Under the “neutral-principles-of-law” approach, the court considers, in secular terms, “the language of the deeds, the charter of the local *873 church, any applicable state statutes, and any relevant provisions contained in the discipline of the national church” as a means of resolving disputes. Crum, 746 So.2d at 1015.
The AME Zion Church argues that Simmons Chapel is bound by “The Book of Discipline of the AME Zion Church.” The AME Zion Church contends that the Book of Discipline mandates a finding that the property belongs to the AME Zion Church;[1] a contrary finding, it argues, would conflict with this Court’s decision in Zion Hill. In Zion Hill, the local church had withdrawn from its association with the hierarchical church. We found that the local church had agreed to the hierarchical church’s rules, and we held that the hierarchical church was the equitable owner of the property. The Court based its decision solely on whether the local church had been associated with the hierarchical church and whether the local church had agreed to be bound by the hierarchical church’s Book of Discipline. However, unlike the case before us, Zion Hill did not involve a deed, and the Court did not discuss the effect a deed would have had on the dispute.
In Haney’s Chapel United Methodist Church v. United Methodist Church, 716 So.2d 1156 (Ala.1998), the national United Methodist Church sued to quiet title when the congregation of a local church, Haney’s Chapel, voted to withdraw from the national United Methodist Church. After a hearing at which ore tenus evidence was presented, the trial court found in favor of the United Methodist Church based on the church’s governing discipline. However, this Court found that the evidence indicated “that the ... grantors intended to convey the property to the trustees of the local church and to exclude the involvement and control of the national church.” Haney’s Chapel, 716 So.2d at 1159-60. Thus, we reversed the trial court’s judgment, holding that the language of the *874 deed, and not the governing discipline, was controlling. Id. at 1160.
Likewise, Central Alabama Conference of the AME Zion Church in America v. Crum, 746 So.2d 1013 (Ala.Civ.App.1999), involved another property dispute between a local and national church involving deeds. After an ore tenus hearing, the trial court found that because the deeds in question did not clearly state that the property belonged to the national church, and because the original grantors did not intend to deed the property to the national church, the local church owned the property. The Court of Civil Appeals affirmed the trial court’s ruling. Crum, 746 So.2d at 1017.
In the present case, there are several relevant conveyances and events concerning the church property: the 1939 and 1944 deeds conveying the church property to the trustees of Simmons Chapel; the 1975 incorporation of “Simmons Chapel AME Zion Church, Inc.,” and the fact that the certificate of incorporation states that after that incorporation the church property would be conveyed to “Simmons Chapel AME Zion Church, Inc.”; and the 1999 deed conveying the church property from “Simmons Chapel AME Zion Church, Inc.,” back to the “Trustees of Simmons Chapel Church.” These events create ambiguity and allow for differing interpretations as to the ownership of the property.
In both Haney’s Chapel and Crum, extrinsic evidence presented at ore tenus hearings helped determine the intent of the relevant conveyances. 716 So.2d at 1157, 746 So.2d at 1014. No such hearing was held in the present case. Further, the AME Zion Church has demonstrated that Simmons Chapel, throughout its history, has accepted benefits from the AME Zion Church. The AME Zion Church has provided the pastors, the pastors’ health insurance and retirement benefits, worship materials, and financial assistance in certain situations. Simmons Chapel has followed the provisions of the Book of Discipline; it has been known throughout the community as an AME Zion member church; and it has followed the customs and policies of the AME Zion Church. These facts support the claim by the AME Zion Church that a hierarchical relationship exists between the AME Zion Church and Simmons Chapel. In Zion Hill, this Court held that when national and local churches are in a longstanding hierarchal relationship, the local church may not unilaterally sever that relationship. 514 So.2d at 228.
The trial court’s dismissal of this case prohibits the AME Zion Church from presenting evidence at an ore tenus hearing (such as those held in both Haney’s Chapel and Crum) to help define the meaning of the conveyances in question. 716 So.2d at 1157, 746 So.2d at 1014. In such a hearing, the trial court would follow the “neutral-principles-of-law” approach and examine the deeds, the certificate of incorporation, the Book of Discipline, and other extrinsic evidence to help settle the current property dispute. See Crum, 746 So.2d at 1016.
When the allegations of the complaint are viewed in favor of the AME Zion Church, it appears that the AME Zion Church could prove facts entitling it to be deemed the owner of the church property. Therefore, we hold that the trial court erred in granting Simmons Chapel’s motion for a dismissal. Accordingly, the judgment of the Court of Civil Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
*875 MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. As an AME Zion member church, Simmons Chapel was bound by a provision found in the Book of Discipline, which requires the following "trust clause” to be placed in any written instrument conveying the church's property:
"In Trust that said premises shall be used, kept[,] maintained, and disposed of as a place of Divine Worship for the use of the Ministry, and Membership of the African Methodist Episcopal Zion Church in America, subject to the provisions of the Discipline, Usage, and Ministerial appointments of said Church, as from time to time authorized and declared by the General Conference of said Church and by the Annual Conference within whose bounds the said premises are situated. This provision is solely for the benefit of the [grantee], and the grantor reserved no right or interest in said premises.”
Although the deeds that conveyed the property to Simmons Chapel did not contain this trust clause, the Book of Discipline does contain the following provision:
“[T]he absence of the trust clause ... in deeds and conveyances previously executed, shall in no way exclude a local church from, or relieve it of, its African Methodist Episcopal Zion Church connectional responsibilities nor shall it absolve a local congregation or Board of Trustees of its responsibility to the African Methodist Episcopal Zion Church, provided that the intent and desire of the founders and/or the later congregations and Board of Trustees is shown by any or all of the following indications: (a) the conveyance of the property to the Trustees of the local African Methodist Episcopal Zion Church or any Trustees of the local African Methodist Episcopal Zion Church or any of its predecessors; (b) the use of the name, customs and policy of the African Methodist Episcopal Zion Church in such a way as to be thus known to the community as part of this denomination; (c) the acceptance of the pastorate of ministers appointed by a bishop of the African Methodist Episcopal Zion Church, or employed by the presiding elder of the district in which it is located.”