PITTMAN, Judge.
This appeal, taken by six former trustees of a congregation of a hierarchical national church entity, concerns the validity of a purported transfer of ownership of real property that has been utilized by the local congregation in fellowship with that larger entity for a number of decades.
In July 2011, The African Methodist Episcopal Church, Inc. (“the national church corporation”), a nonprofit corporation based in Philadelphia, Pennsylvania, brought a civil action in the Bullock Circuit Court against Tommy King, Jr., Timothy M. Tarver, Annie Ellison, Jessie Lee Hill, Ulysses Turner, and Wilson Turner (collectively, “the defendant trustees”), who were six of the seven trustees of the Great Hope African Methodist Episcopal Church (“Great Hope AME Church”), an unincorporated church body possessing six parcels of real property in Bullock County that have been used for religious purposes. According to the complaint, as amended, filed by the national church corporation, the defendant trustees unilaterally announced the withdrawal of Great Hope AME Church from its association with the national church corporation as of September 25, 2011; the national church corporation alleged that the defendant trustees had breached their fiduciary duties as trustees and had failed to follow the Book of Discipline of the African Methodist Episcopal Church — 2008 and sought, among other things, injunctive relief preventing the defendant trustees from conveying the assets of Great Hope AME Church and interfering with the appointment of pastors by presiding bishops of the national church corporation. The defendant trustees responded by asserting that the national church corporation had *14 no standing because, they said, the instruments conveying real property to Great Hope AME Church did not contain any language indicating an intent to convey any interest in those properties to the national church corporation. After an ore tenus proceeding, the trial court entered a preliminary injunction and directed the defendant trustees to take no action to remove Great Hope AME Church from the national church corporation.
In November 2012, the national church corporation filed a motion for a summary judgment on its claims, relying upon deposition testimony of the defendant trustees and the exhibits introduced into evidence at the preliminary-injunction hearing. The national church corporation contended that there was no genuine issue of material fact and that it was entitled to a judgment declaring void the defendant trustees’ purported transfer by quitclaim deed of six parcels of real property held by Great Hope AME Church to a nondenominational unincorporated entity called simply “Great Hope Church.” The defendant trustees filed a response in opposition in which they incorporated their assertion that they were entitled to a summary judgment in their favor, but they adduced no additional evidence apart from a number of affidavits of individual members of Great Hope AME Church expressing support for the withdrawal of Great Hope AME Church from the fellowship of the national church corporation. The trial court entered a summary judgment in favor of the national church corporation. The defendant trustees appealed; their appeal was transferred to this court pursuant to Ala. Code 1975, § 12-2-7(6).
Although we note that the trial court held an ore tenus proceeding before entering its preliminary injunction in favor of the national church corporation, and that the national church corporation quotes liberally from the transcript of that proceeding in its appellate brief, the judgment under review is a summary judgment entered after the parties had filed additional evidentiary submissions following the entry of the injunction. We thus apply the familiar summary-judgment standard of review:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required. The reviewing appellate curt must apply the same standard utilized by the trial court when reviewing a summary judgment.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted).
The trial court, in entering its summary judgment, posited that “[t]his is not a property dispute between [the national church corporation] and Great Hope [AME] Church”; rather, that court opined, the dispute centered around “the authority of the then trustees to convey the subject property without a vote of the church members at a duly called meeting authorizing the trustees to convey the subject property.” As the trial court correctly noted, there was no vote on the part of Great Hope AME Church to withdraw from the national church corporation nor *15 any vote by the membership of Great Hope AME Church to authorize the trustees to convey the six parcels identified in the quitclaim deed purporting to convey the parcels to “Great Hope Church.” That said, the trial court based its judgment in favor of the national church corporation as to that issue upon that court’s reading of two Alabama statutes pertaining to conveyancing by entities incorporated in Alabama that include various churches, public societies, and graveyard owners, Ala.Code 1975, §§ 10A-20-2.06 and 10A-20-2.07; however, as the plain language of § 10A-20-2.06 indicates, the provisions of those statutes speak only to “[t]he trustees or other authorized agents of any church, conference of churches, society, association, or other corporation organized under this article” (emphasis added), meaning article 2 of Chapter 20 of the Corporations title of the Alabama Code of 1975. It is undisputed, however, that neither Great Hope AME Church nor the national church corporation were, in fact, organized or incorporated under Alabama law, much less under the article whose provisions the trial court cited as the basis for its judgment.
We are thus left with the question whether the trial court correctly entered the summary judgment regardless of its reasoning. See McMillan, Ltd. v. Warrior Drilling & Eng’g Co., 512 So.2d 14, 26 (Ala.1986) (opinion on application for rehearing) (appellate court “will affirm a summary judgment if it was properly granted, notwithstanding the fact that the trial court gave the wrong reasons for granting it”). Here, the national church corporation posits on appeal that the summary judgment was correct because, it says, the national church corporation is the “beneficial owner” in trust of all six parcels at issue and has the power to seek judicial protection of its property rights when trustees, such as the defendant trustees in this case, do not act to protect such a trust. The defendant trustees, for their part, posit that Great Hope AME Church held title to four of the six parcels at issue by and through its trustees (two parcels named in the quitclaim deed to “Great Hope Church” were previously deeded, respectively, to “African Methodist Episcopal Church South” and jointly to “Great Hope Home Aid Society” and “Great Hope Lodge Number 839” rather than Great Hope AME Church). Thus, despite the trial court’s assertion that the case does not involve a “property dispute,” the question of ownership and the question of authority to convey essentially merge in the factual context of this case.
But for the identity of the parties appealing in this case — the local trustees of a church seeking to separate from a hierarchical church entity — this case would be precisely parallel to Ex parte Central Alabama Conference, African Methodist Episcopal Zion Church in America, 860 So.2d 865 (Ala.2003) (hereinafter “Central Alabama Conference ”). In Central Alabama Conference, a parcel of real property was conveyed to the trustees of a local unincorporated church entity, then recon-veyed to a local unincorporated church entity whose name included a reference to a larger hierarchical church entity (the African Methodist Episcopal Zion Church), then conveyed once more to the local unincorporated church entity. The supreme court reversed a decision of this court affirming a summary judgment in favor of the local church trustees and upholding the validity of the third conveyance, noting that “there is no indication that the grantors intended to convey the property to the local church and to exclude the hierarchical church,” 860 So.2d at 868, and that other, extrinsic evidence would bear on the proper interpretation of the power of the *16 trastees of the local church to convey the property:
“[T]he AME Zion Church [the hierarchical church entity] presented evidence indicating that Franklin Church [the local incorporated church], throughout its history, has accepted benefits from the AME Zion Church. The AME Zion Church has provided pastors, the pastors’ health insurance and retirement benefits, worship materials, and financial assistance in certain situations. Franklin Church has followed the Book of Discipline, it has been known throughout the community as an AME Zion member church, and it has followed the customs and policies of the AME Zion Church. These facts support the Central Alabama Conference’s claim that a hierarchical relationship exists between the AME Zion Church and Franklin Church.... [T]his Court [has] held that when national and local churches have participated in a longstanding hier-archal relationship, the local church may not unilaterally sever that relationship.
“... [A] dispute exists as to the intent of the initial grantors of the property: whether they intended to convey the property to the Franklin Church to the exclusion of any national church or whether they intended to convey the property to the AME Zion Church. Likewise, the ‘trust clause’ in the Book of Discipline, as it relates to the [second] deed deeding the property to the ‘Trustees of the Franklin AME Zion Church,’ creates a genuine issue of material fact as to who is the true property owner.”
860 So.2d at 868-69.
Here, the instruments previously conveying the four parcels identified in the quitclaim deed to “Great Hope Church” as parcels 1, 4, 5, and 6 were placed in the record at the hearing on the request for injunctive relief, but they do not categorically exclude the hierarchical church involved. Parcel 1 was conveyed to “Great Hope AME Episcopal Church,” while Parcel 4 was conveyed to two individuals as “trustees of Great Hope A.M.E./Church” and parcels 5 and 6 were conveyed to “Great Hope A.M.E. Episcopal Church, by and through its Trustees.” Parcels 2 and 3, which were previously conveyed, respectively, to the African Methodist Episcopal Church South (which, for all that appears in the record, looks to be a predecessor entity to the national church corporation) and to two allied aid agencies, are similarly not shown to be definitively within the trustees’ unilateral conveyancing power. As was true in Central Alabama Conference, the evidence adduced at the preliminary-injunction hearing tended to show that the local church in this case adhered to a book of discipline published by a national hierarchical church that provided that church properties are held in trust for the benefit of the hierarchical church; however, Central Alabama Conference indicates that such provisions are merely probative evidence and are not controlling as to the inquiry of who has the right to convey particular parcels of church property.
On the authority of Central Alabama Conference, we must conclude that the trial court erred in entering, without benefit of a trial, a judgment in favor of the national church corporation in this case. Material issues of fact remain to be tried as to the authority of the defendant trustees to convey the six parcels at issue. Although we have no quarrel with the national church corporation’s standing to seek relief from the defendant trustees as to the potential removal, in effect, of a constituent church body from the wider body of the hierarchical church, we cannot agree that the summary judgment entered *17 by the trial court here is correct as a matter of law. The judgment is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.