PER CURIAM.
Andre Barber appeals from a summary judgment entered by the Houston Circuit Court (“the trial court”) in favor of Doris W. Barber as to Doris’s ejectment action filed against Andre. That judgment ordered the Houston County sheriff to remove Andre from a residence on property (“the property”)' owned by Doris, and it awarded Doris $25,250 for the reasonable rental value of the property for the approximately ,33 months Andre lived on the property!
On August 9, 2014, Antony Barber, on behalf of Doris as her guardian and conservator, filed in the trial court a complaint seeking to eject Andre from the property. Attached to that complaint was a Copy of “Letters of Guardianship and Conservator-ship of Adult Ward” (“the letters”) issued to Antony on behalf of Doris by the Probate Court of Cobb County, Georgia (“the Georgia court”).[1] Doris’s complaint alleged that she was the owner of the property and that Andre was an “illegal squatter” on the property and had refused to surrender possession of the property despite demands to do so. Andre filed in the trial court an answer to the complaint in which he admitted that Doris was the owner of the property, admitted that the Georgia court had appointed Antony as Doris’s guardian and conservator, - and admitted that he had moved onto the property in 2011. However, Andre denied that he was living on the property unlawfully.
After Andre answered the complaint, Antony, on behalf of Doris, filed a motion for a summary judgment; that motion included Antonyms affidavit, a copy of a warranty deed conveying the property to Doris, and a copy of the letters. Antony’s affidavit stated that Andre had moved onto the property in 2011, that Andre was living on the property “unlawful[ly] and wrongfully],” that Antony had provided notice to Andre to vacate the property, and that André had refused to vacate the property. Antony’s affidavit also included a statement that he believed the reasonable rental value of the property to be $750 per month. Andre filed a motion opposing the motion, for a summary judgment and seeking to stride the testimony in Antony’s affidavit as .to the reasonable rental value of the property; that motion contained no supporting affidavits,, or other attached documents.
On December 23, 2014,. the trial court entered the summary judgment from which Andre appeals. That judgment indicates that Andre received notice of the hearing on the motion for a summary judgment but that he failed to appear at the hearing. Andre filed a postjudgment motion seeking to vacate the summary judgment and/or to stay his -ejectment from the property; that motion was denied, and Andre timely appealed.
On appeal, Andre argues that Antony lacked standing to bring the ejectment action on Doris's behalf- because, he says, Antony failed to'register the letters in the appropriate Alabama court pursuant to § 26-2B-401, Ala.Code 1975,[2] and, *458 therefore, that the trial court lacked subject-matter jurisdiction. See State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999)(“When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.”). However, when a defendant raises the issue of. a plaintiffs authority to bring an action on. behalf of another, the issue is one of capacity, not standing. See Moultrie v. Wall, 143 So.3d 128, 135 n. 9 (Ala.2013). Thus, although Andre phrases his argument as one of standing, that argument is more accurately identified as one challenging Antony’s capacity to sue on Doris’s behalf. The distinction is an important one because issues of capacity, unlike issues of standing, do not affect á court’s subject-matter jurisdiction and, thus, may be waived. Penick v. Most Worshipful Prince Hall Grand Lodge F & A M of Alabama, Inc., 46 So.3d 416, 425 (Ala.2010).
Rule 9(a), Ala. R.Civ. P., provides:
“It is not necessary to aver the capacity of a party to sue or be sued or the authority of á party to sue or be sued in a representative capacity, or the legal existence of an organized association of persons that is made a party. When a party desires to'raise an issue as to'the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly ..within the pleader’s knowledge.” .
(Emphasis added.) Thus, a party who wishes to assert another party’s lack of capacity to sue must affirmatively raise that defense in its pleadings. Failure to do so constitutes a waiver of that defense. Ex parte Tyson Foods, Inc., 146 So.3d 1041, 1044 (Ala.2013).
Andre asserted in his answer that Antony lacked standing to bring the ejectment, action on Doris’s behalf, but a general assertion of lack of standing does not equate to an assertion of the affirmative defense of lack of capacity. Pretl v. Ford, 723 So.2d 1, 3 (Ala.1998). Because Andre failed, to raise in, the trial court the issue of Antony’s capacity, we cannot consider that argument on appeal. D.A. v. Calhoun Cnty. Dep’t of Human Res., 976 So.2d 502, 504 (Ala.Civ.App.2007)(“The oft-quoted and long-standing rule is that an appellate court may not consider an issue raised for the first time on appeal.”).
Andre next argues that a summary judgment was improper because, he says, Doris failed to make a prima facie showing that his occupancy of the property was unlawful.
“‘A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material -fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party-and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the *459 nonmoving party must present “substantial evidence” creating a genuine issue of material fact — “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code.1975, § 12—21—12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004) ”
Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala.2006).
To succeed in an ejectment action, a plaintiff must show that he or she has legal title to the premises and that the defendant entered the premises and unlawfully remains there. §. 6-6-280, Ala. Code 1975. In this case, Andre does not dispute that Doris has legal title to the property, nor does he dispute that he has occupied the property since 2011; he argues only that Doris failed to show that his possession of the property is unlawful. However, despite Andre’s argument, Antony’s affidavit states that Andre’s occupancy of the property was “unlawful and wrongful,” that he had provided notice to Andre to vacate the property, and. that Andre had refused to surrender possession of the property. Thus, .given the requirements necessary to succeed in an ejectment action, we hold-that the evidence was sufficient to make a prima facie showing that there was no genuine issue of material fact as to whether Andre’s occupancy of the property was unlawful.
Once Doris made a prima facie showing that there was no genuine issue of material fact, the burden shifted to Andre to present substantial evidence that there was a genuine issue of material fact. Pritchett, supra. Although Andre argued to the trial court and argues to this court that his possession of the property was lawful, he presented no evidence to support'that claim; he attached no documents to his response in opposition to the motion for a summary judgment, and he did' not appear for the hearing. As the nonmov-ant, he was not permitted to “rest upon mere allegations or denials of his pleadings” but was required to “ ‘set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence [wa]s required.’” King v. African Methodist Episcopal Church, Inc., 132 So.3d 13, 14 (Ala.Civ.App.2013), quoting Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995); and Rule 56(e), Ala. R. Civ. P. Furthermore, “[w]hen the nonmovant offers no evidence to contradict that presented by the movant, the movant’s evidence is treated by- the trial court as uncontrovert-ed.” Griffin v. American Bank, 628 So.2d 540, 543 (Ala.1993). Thus, because Andre presented no evidence to the trial court to either support his argument or to contradict Doris’s argument, the uncontroverted evidence before the trial court indicated that Doris has legal title' to the property, that Andre occupied the property at the time of the hearing, and that Andre’s occupancy of the property was unlawful. ' In light of that undisputed evidence, we hold "that a summary judgment in Doris’s favor ás to the ejectment claim was proper. See Pritchett, supra.
Finally, Andre argues that the trial court’s award of damages for the reasonable rental value of the property during the time he occupied the property *460 was unsupported by the evidence.[3] In support of that argument, .Andre claims that the only evidence relevant to the reasonable rental value of the property was a statement, in Antony’s “naked affidavit” that he believed the reasonable rental value of the property to be $750 per month. Andi;e claims that the trial court should have granted his motion to strike Antony’s testimony as to the reasonable rental value of the property for, he says, a “lack of foundation.”
“Alabama law has long recognized an exception to the general rule excluding opinion testimony of lay witnesses by holding that a lay person is competent to testify as to his or her opinion of the value of real property if he or she has had an opportunity to form an opinion and testifies in substance that he or she has done so.”
Horton v. Perkins, 17 So.3d 235, 240 (Ala.Civ.App.2009). The witness’s opinion must come from his or her “opportunity to observe the condition of [the] real property and to form an opinion-based on those observations as to its value.” Id. Because Antony’s affidavit contained no indication that his opinion had been formed pursuant to his observation of the property, his testimony as to the reasonable rental value of the property would ordinarily have been inadmissible.
However, a . motion to strike testimony from an affidavit‘“should specify the objectionable portions of the affidavit and the, grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective.” ’ ” Ex parte Secretary of Veterans Affairs, 92 So.3d 771, 776 (Ala.2012), quoting Perry v. Mobile Cnty., 533 So.2d 602, 605 (Ala.1988) (adopting language from C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2738 (2d ed.1983)). Andre’s motion to strike did not challenge the admissibility of Antony’s opinion as to the valuation of the property. Rather, Andre argued that Antony’s opinion as to the valuation of the property should have been stricken because Antony did- not claim to be a real-estate expert, did not describe the condition of the property, and did not offer any information as to the rental value of similar properties in the area. Given these “deficiencies,” Andre argued, the trial court had no basis “to assess ¡[the] truth” of Antony’s valuation of the property. However, allegations as to the truth of testimony are directed to the weight to be accorded that testimony and not the admissibility of it. As a result, Andre’s motion to strike, although arguing against the weight to be accorded Antony’s testimony, failed to offer an objection to the admissibility of that testimony. Because Andre failed to object to the admissibility of Antony’s testimony, the trial court did not err in considering it. Ex parte Elba General Hosp. & Nursing Home, Inc., 828 So.2d 308, 312 (Ala.2001)(holding that, in the absence of a failure to object to a defective affidavit, a trial court may properly consider the affidavit even if an objection alleging the particular defect would have.been proper).
Andre failed to preserve the issue of Antony’s capacity for appellate review, and he has failed to -show’ error in the trial *461 court’s entry of the summary judgment on Doris’s ejectment claim or in its award of damages in that judgment. Accordingly, we affirm the trial court’s summary judgment in Doris’s favor.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the rationale in part and concurs in the result, with writing.

. At the time Antony filed the complaint on Doris’s behalf, both Doris and Antony were residents of Georgia.

. Section 26-2B-401 provides:
"If a guardian has .been appointed in another state and a petition for the appointment of a guardian is not pending in this state, the guardian appointed in the other state, after giving notice to the appointing court of an *458 intent to register, may record the guardianship order in this state by recording as a foreign judgment in a court, in any appropriate county of this state, certified copies of the order and letters of office.”

. Andre actually phrases his 'argument regarding damages in such a way as to suggest that the entry of the summary-judgment was improper because the award of damages was not supported by the evidence. However, proof of damages is not an element of an ejectment action, See § 6-6-280, Ala.Code 1975. Thus, even if we were to hold that the trial court abused its discretion in its award of damages, that holding would not affect the propriety of the summary judgment to the extent that it orders Andre's removal from the propérty.