The appellant, Roy L. White II, appeals the trial court's dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief challenging his September 26, 1990, conviction for murder and the trial court' order prohibiting him from filing any additional Rule 32 petitions. According to the appellant, his direct appeal was dismissed on his motion without prejudice. The appellant filed Rule 32 petitions in 1992 and 1994, which the trial court denied. The present petition was filed June 18, 1996. *Page 242 
The grounds for relief presented in the June 18 petition and other motions presented to the trial court are not entirely clear. The appellant is apparently alleging that he did not receive the mental examination ordered by the trial court at the time of the trial. According to the appellant, at the time of the murder and also at the time of the trial he suffered from a mental infirmity that prevented him from assisting in his defense and prevented fair trial. The appellant also asserted that he "intends to Appeal continually this 'arightly' presented case until he [is] granted an Evidentiary Hearing." C.R. 17. The State moved to dismiss the petition on procedural grounds and because it was unsupported by facts. Because the appellant vowed to continually file appeals until an evidentiary hearing is granted, the State also requested that the appellant "be barred from filing any more post-conviction relief petitions or, in the alternative, that the State be relieved from responding to any subsequent petitions." C.R. 22. The case action summary sheet reflects that the trial court granted the State's motion to deny the petition and granted the motion "to bar further post-conviction relief." C.R. 1.
A circuit judge may deny a Rule 32 petition without an evidentiary hearing. Rule 32.7(d). The trial court correctly denied the present petition because it is a successive petition and is, therefore, precluded from review under Rule 32.2(b), and because it did not "contain a clear and specific statement of the grounds upon which relief [was] sought, including full disclosure of the factual basis of those grounds" as required by Rule 32.6(b).
However, we must remand this case because the trial court's order prohibiting the appellant from filing further postconviction petitions is overbroad. In Peoples v. State,531 So.2d 323 (Ala.Cr.App. 1988), Peoples filed 20 post-judgment motions after his sentencing. Our ruling in Peoples v. State,531 So.2d 323 (Ala.Cr.App. 1988), is dispositive of the issue, and we quote extensively from that opinion below.
 "The order of the circuit court enjoining the petitioner from filing any motion or pleading with regard to any of his three cases is overbroad. See generally, L. Yackle, Postconviction Remedies § 155 (1981), Cumulative Supplement (February 1988).
 " 'It is now established beyond doubt that prisoners have a constitutional right of access to the courts.' Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Though this right is not absolute or unconditional, restrictions may not deprive inmates of 'adequate, effective, and meaningful' access to the courts. Bounds, 430 U.S. at 822, 97 S.Ct. at 1495. '[L]itigiousness alone will not support an injunction against a plaintiff, . . . and . . . the use of such measures against a pro se plaintiff should be approached with caution.' Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980). 'Access to the courts is a fundamental tenet of our judicial system; legitimate claim should receive a full and fair hearing no matter how litigious the plaintiff may be.' In re Oliver, 682 F.2d 443, 446
(3rd Cir. 1982).
 "However, 'a court is [not] powerless to protect itself and its process from abuse by unscrupulous prison inmates.' Matter of Green, 586 F.2d 1247, 1251 (8th Cir. 1978), cert. denied, 440 U.S. 922, 99 S.Ct. 1249, 59 L.Ed.2d 475 (1979). Courts have an 'inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.' Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986). While those conditions may be 'onerous,' they 'cannot be so burdensome, however, as to deny a litigant meaningful access to the courts.' Cotner, 795 F.2d at 902.
 " 'In devising methods to attain the objective of curtailing the activity of such a prisoner, however, courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts. Various courts have employed and approved a variety of injunctive devices.
 " 'As to prisoners who bring frequent or repetitious claims, courts have: *Page 243 
 " '— enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;
 " '— required litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;
 " '— directed the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;
 " '— directed the litigant to seek leave of court before filing pleadings in any new or pending lawsuit;
 " '— permitted abusive prisoner litigants to file in forma pauperis only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims;
 " '— limited the number of filings by a particular inmate; and
 " '— entered injunctions prohibiting the abusive prisoner from acting as a writ writer or jailhouse lawyer for other inmates.
 " 'We do not here intend to indicate how this Court would treat any of the above injunctions in a particular case, but cite them as examples of how other courts have handled the problem. Other restrictions which might be considered by a court attempting to deal with the problems created by a litigant such a Procup include:
 " '— limitation of the number of pages to a complaint and other pleadings;
 " '— requiring a plaintiff to file an affidavit setting forth what attempts he has made to obtain an attorney to represent him;
 " '— limitation of further pleadings without order of court, after the complaint has been filed.
 " 'This list is intended to be neither exhaustive nor limiting. As new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants.' Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir. 1986).
 "The 'virtual flood of post-conviction claims made by prisoners in both state and federal proceedings' has been recognized by the courts of this state on a number of occasions. Ex parte Boatwright, 471 So.2d 1257, 1259 (Ala. 1985) (Justice Maddox concurring specially); Ex parte Kennedy, 518 So.2d 674 (Ala. 1986); Cooper v. Wiman, 273 Ala. 699, 701, 145 So.2d 216 (1962), cert. denied, 371 U.S. 958, 83 S.Ct. 516, 9 L.Ed.2d 505
(1963); Warden v. State, 41 Ala. App. 449, 450-51, 134 So.2d 783 (1961). Additionally, we do not question the circuit court's finding that the petitioner had 'trifled with this court for years,' had shown 'utter disrespect for this court,' had exhibited 'an absolute lack of appreciation for this [judicial system] and such an absolute glibness about the offense' to which he pleaded guilty. Under these circumstances, it would be appropriate for the circuit court to enjoin the petitioner from filing any pleading or motion raising the same or a similar ground presented or raised or which could have been presented or raised in an earlier pleading unless the petitioner 'shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.' Rule [32.2(b), Ala.R.Crim.P.] See Safir v. United States Lines, Inc., 792 F.2d 19, 25
(2nd Cir. 1986); Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985). The order of the 11th Circuit United States Court of Appeals in Procup, 792 F.2d at 1074, is applicable in this case:
 " 'We do not here design the kind of injunction that would be appropriate in this case. Considerable discretion necessarily is reposed in the district court. Procup can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed *Page 244 
from any access to the court. The injunction is vacated and the case is remanded for the district court to consider an appropriate substitute order.' "
531 So.2d at 326-28.
The judgment of the circuit court denying the Rule 32 post-conviction petition is affirmed. The order of prohibition issued by the circuit court is reversed and this cause is remanded for the circuit court to consider an appropriate substitute order. Due return should be made to this court within 28 days.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.*
All the Judges concur.
* Note from the Reporter of Decisions: On March 21, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.