McMILLAN, Presiding Judge.
Larry L. Franklin filed this petition for a writ of mandamus directing Judge Edward Jackson, Circuit Judge for the Twentieth Judicial Circuit, to set aside his June 21, 1999, order directing the Houston County clerk to prohibit the filing of any further petitions by Franklin.
On October 10, 2000, Franklin filed a postconviction petition in Houston County. On October 30, 2000, Franklin received, in response to his filing, a copy of Judge Jackson’s June 21, 1999, order. That order stated, “the clerk is directed to dispose of any further petitions filed hereafter.” Franklin then filed this petition challenging Judge Jackson’s order.
Franklin argues that Judge Jackson’s order is overbroad and that it totally denies him access to the courts. He asserts that he should be allowed to file this petition because he has obtained newly discovered evidence that, he says, proves his innocence. See Rule 32.1(e), Ala. R.Crim.P. Judge Jackson, in his response to the petition, stated that Franklin has filed six postconviction petitions and that Franklin has abused his access to the legal system.
In Peoples v. State, 531 So.2d 323, 326 (Ala.Crim.App.1988), this Court stated:
“The order of the circuit court enjoining the petitioner from filing any motion or pleading with regard to any of his three cases is overbroad. See generally, L. Yackle, Postconviction Remedies § 155 (1981), Cumulative Supplement (February 1988).
“ ‘It is now established beyond doubt that prisoners have a constitutional right of access to the courts.’ Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Though this right is not absolute or unconditional, restrictions may not deprive inmates of ‘adequate, effective, and meaningful’ access to the courts. Bounds, 430 U.S. at 822, 97 S.Ct. at 1495. ‘[LJitigiousness alone will not support an injunction against a plaintiff, ... and ... the use of such measures against a pro se plaintiff should be approached with caution.’ Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980). ‘Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be.’ In re Oliver, 682 F.2d 443, 446 (3rd Cir.1982).”
See also Ex parte Coleman, 728 So.2d 703 (Ala.Crim.App.1998), and White v. State, 695 So.2d 241 (Ala.Crim.App.1996). Also, recently in Ex parte Magouirk, [Ms. CR-99-2423, October 27, 2000] — So.2d(Ala.Crim.App.2000), we held that a trial court’s order directing the clerk of the court not to “receive or ‘file’ any future post-conviction actions, Rule 32 or otherwise,” was overbroad and denied Magouirk meaningful access to the courts. We conclude that Judge Jackson’s order is likewise overbroad. If indeed, Franklin can prove that newly discovered evidence exists, Judge Jackson’s restrictive order denies him the opportunity to present this evidence to the circuit court.
A trial court is not powerless to protect itself from litigious petitioners. In Peoples, this Court, quoting the United States Court of Appeals for the Eleventh Circuit in Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir.1986), noted the sanctions a court may legally impose when faced with litigious and prolific pro se litigants.
“Courts have an ‘inherent power ... to regulate the activities of abusive liti *446 gants by imposing carefully tailored restrictions under the appropriate circumstances.’ Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). While those conditions may be ‘onerous,’ they ‘cannot be so burdensome, however, as to deny a litigant meaningful access to the courts.’ Cotner, 795 F.2d at 902.
“ ‘In devising methods to attain the objective of curtailing the activity of such a prisoner, however, courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner’s constitutional right of access to the courts. Various courts have employed and approved a variety of injunctive devices.
“ ‘As to prisoners who bring frequent or repetitious claims, courts have:
“ ‘ — enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;
“ ‘ — required litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;
“ ‘ — directed the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;
“ ‘ — directed the litigant to seek leave of court before filing pleadings in any new or pending lawsuit;
“ ‘ — permitted abusive prisoner litigants to file in forma pauperis only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims;
“ ‘ — limited the number of filings by a particular inmate; and
“ ‘ — entered injunctions prohibiting the abusive prisoner from acting as a writ writer or jailhouse lawyer for other inmates.
“ “We do not here intend to indicate how this Court would treat any of the above injunctions in a particular case, but cite them as examples of how other courts have handled the problem. Other restrictions which might be considered by a court attempting to deal with the problems created by a litigant such as [Franklin] include:
“ ‘ — limitation of the number of pages to a complaint and other pleadings; “ ‘ — requiring a plaintiff to file an affidavit setting forth what attempts he has made to obtain an attorney to represent him;
“ ‘ — limitation of further pleadings without order of court, after the complaint has been filed.
“ ‘This list is intended to be neither exhaustive nor limiting. As new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants.’ Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir.1986).”
531 So.2d at 326-27.
This petition is due to be granted. Judge Jackson is directed to set aside his order prohibiting Franklin from filing any petitions in the Houston County Circuit Court. Judge Jackson may, if he deems it necessary, avail himself of one of the remedies listed above.
PETITION GRANTED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.