The petitioner, Curtis M. Magouirk, filed this petition for a writ of mandamus directing Judge William C. Gullahorn, Jr., Circuit Judge for the Seventh Judicial Circuit, to set aside his April 14, 1997, order enjoining Magouirk from filing any future postconviction petitions in the Calhoun County Circuit Court that relate to his case in that court.
In May 2000, Magouirk filed a habeas corpus petition in Escambia County — the county in which he is incarcerated. The Escambia Circuit Court determined that the petition raised issues cognizable in a Rule 32, Ala.R.Crim.P., petition, and it transferred the petition to Calhoun County — the county where Magouirk was convicted. In July 2000, the circuit clerk of Calhoun County returned the petition to the Escambia County circuit clerk, citing Judge Gullahorn's order prohibiting the Calhoun County circuit clerk from accepting any filings by Magouirk. The Escambia County Circuit Court informed Magouirk that the clerk in Calhoun County would not accept his filing because of Judge Gullahorn's April 14, 1997, order. Magouirk attempted to appeal the refusal to accept his filing but was told that appeal was premature, because there was no final judgment that would support an appeal. Magouirk then filed this petition for a writ of mandamus, attacking Judge Gullahorn's order prohibiting him from filing any postconviction petitions in the Calhoun County Circuit Court.
The order that is subject of this mandamus petition reads, in part, as follows:
 "The defendant's post-conviction filings have now risen to the point where they amount to harassment of the judicial system of the 7th Judicial Circuit. The defendant is being housed, clothed and fed by the taxpayers. He has a federally mandated right to access to law books and legal materials. He is constitutionally guaranteed a `free' filing of post-conviction proceedings because of his indigence. He apparently has a great deal of free time in which to draft and file legal proceedings. It appears to this court that the defendant has raised every possible ground on which his conviction could be attacked. Future Rule 32 petitions seem to be barred by the rules cited above [Rule 32.2(a)(3) and 32.2(a)(5) and Rule 32.2(c)]. The defendant's sole purpose in filing post-conviction actions seems to be to cause the judicial system trouble and expense. . . . It is therefore,
 "ORDERED AND DECREED BY THIS COURT THAT THE CLERK OF *Page 310 THIS COURT AND HIS SUCCESSORS SHALL NOT RECEIVE OR `FILE' ANY FUTURE POST-CONVICTION ACTIONS, RULE 32 OR OTHERWISE, FROM THIS DEFENDANT IN RELATION TO THIS CASE. THE CLERK IS ORDERED TO FORTHWITH RETURN TO THE DEFENDANT ANY ATTEMPTED FUTURE FILING."
(Emphasis added.)[1]
This Court stated in Peoples v. State, 531 So.2d 323, 326
(Ala.Crim.App. 1988):
 "The order of the circuit court enjoining the petitioner from filing any motion or pleading with regard to any of his three cases is overbroad. See generally, L. Yackle, Postconviction Remedies § 155 (1981), Cumulative Supplement (February 1988).
 "`It is now established beyond doubt that prisoners have a constitutional right of access to the courts.' Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Though this right is not absolute or unconditional, restrictions may not deprive inmates of `adequate, effective, and meaningful' access to the courts. Bounds, 430 U.S. at 822, 97 S.Ct. at 1495. `[L]itigiousness alone will not support an injunction against a plaintiff, . . . and . . . the use of such measures against a pro se plaintiff should be approached with caution.' Pavilonis v. King, 626 F.2d 1075, 1079 (lst Cir.), cert. denied, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980). `Access to the courts is a fundamental tenet of our judicial system;legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be.' In re Oliver, 682 F.2d 443, 446 (3rd Cir. 1982)."
See also Ex parte Coleman, 728 So.2d 703 (Ala.Crim.App. 1998) and Whitev. State, 695 So.2d 241 (Ala.Crim.App. 1996). We conclude that Judge Gullahorn's order is overbroad and completely denies Magouirk's access to the courts.
We note that a trial court is not powerless to protect itself from litigious petitioners. In Peoples, this Court, quoting the United States Court of Appeals for the Eleventh Circuit in Procup v. Strickland,792 F.2d 1069, 1072-73 (11th Cir. 1986), enumerated the sanctions a court may lawfully impose when faced with litigious petitioners:
 "`Courts have an "inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Cotner v. Hopkins, 795 F.2d 900, 902
(10th Cir. 1986). While those conditions may be "onerous," they "cannot be so burdensome, however, as to deny a litigant meaningful access to the courts." Cotner, 795 F.2d at 902.
 "`In devising methods to attain the objective of curtailing the activity of such a prisoner, however, courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional *Page 311 
right of access to the courts. Various courts have employed and approved a variety of injunctive devices.
 "`As to prisoners who bring frequent or repetitious claims, courts have:
 "` — enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;
 "` — required litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;
 "` — directed the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;
 "` — directed the litigant to seek leave of court before filing pleadings in any new or pending lawsuit;
 "` — permitted abusive prisoner litigants to file in forma pauperis only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims;
 "` — limited the number of filings by a particular inmate; and
 "` — entered injunctions prohibiting the abusive prisoner from acting as a writ writer or jailhouse lawyer for other inmates.
 "`We do not here intend to indicate how this Court would treat any of the above injunctions in a particular case, but cite them as examples of how other courts have handled the problem. Other restrictions which might be considered by a court attempting to deal with the problems created by a litigant such as [Magouirk] include:
 "` — limitation of the number of pages to a complaint and other pleadings;
 "` — requiring a plaintiff to file an affidavit setting forth what attempts he has made to obtain an attorney to represent him;
 "` — limitation of further pleadings without order of court, after the complaint has been filed.
 "`This list is intended to be neither exhaustive nor limiting. As new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants.' Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir. 1986)."
531 So.2d at 326-27.
This petition is due to be granted. Judge Gullahorn is directed to set aside his order prohibiting Magouirk from filing any postconviction petitions in the Calhoun County Circuit Court relating to his conviction in that county. Judge Gullahorn may, however, avail himself of any of the remedies listed above.
PETITION GRANTED.
MCMILLAN, COBB, BASCHAB, and FRY, JJ., concur.
[1] This Court is well acquainted with the flood of postconviction petitions filed in the circuit courts in Alabama. In this Court's 1999-2000 October Term, 655 appeals, or approximately 24.5% of the appeals filed with this Court, were from the denial of postconviction petitions.
We are also aware that Magouirk has filed previous postconviction petitions. This Court has a record of four appeals from the denial of postconviction petitions related to Magouirk's Calhoun County conviction. In each case, this Court affirmed the trial court's judgment. SeeMagouirk v. State, 728 So.2d 724 (Ala.Crim.App. 1998) (table of cases);Magouirk v. State, 725 So.2d 1086 (Ala.Crim.App. 1997) (table of cases);Magouirk v. State, 706 So.2d 870 (Ala.Crim.App. 1997) (table of cases);Magouirk v. State, 683 So.2d 74 (Ala.Crim.App. 1995) (table of cases).