On Application for Rehearing

PER CURIAM.
The no-opinion affirmance of April 14, 2006, is withdrawn, and the following is substituted therefor.
Virginia Vest (“the wife”) appeals a summary judgment in favor of Bernie Vest (“the husband”) in a postdivorce proceeding.
The parties were divorced by a judgment entered on November 18, 2002. With regard to the marital residence, the divorce judgment provided as follows:
“7B. With regard to the homeplace of the parties, it shall be sold as soon as practicable with the net proceeds to be divided 40% to [the wife] and 60% to [the husband].... [The wife] shall have the exclusive use and possession of the residence for a period of thirty (30) days from the date of this order after which she shall vacate the premises and have the keys delivered to [the husband]. [The husband] shall continue to be responsible for paying the mortgage until the homeplace is sold.
“7C. As an option to 7B above [the - husband] may obtain exclusive title and ownership of the homeplace of the parties by tendering to [the wife] within thirty (30) days hereof, her 40% interest in the net equity of the homeplace, which the Court deems to be $20,000.... Upon tender of this amount to [the wife] she shall immediately execute a quitclaim deed to [the husband] devising her interest in the subject property to him.
[[Image here]]
“10. The Court shall retain jurisdiction for a period of forty-five days (⅛5) days from the date of this Order to ensure all acts requiring performance (e.g., physical transfer of property; execution of documents) are performed. Should a party feel aggrieved hereunder (e.g., allege that they cannot retrieve property because adverse party is denying access) they shall file an appropriate motion for relief within said forty-five (⅛5) day period or be deemed to *761 have forfeited the property awarded or waived the provision in their favor, it being the intent of the Court to resolve all such disputes expeditiously and without the need for subsequent Rule Nisi filings.”
(Emphasis added.)
On December 18, 2002, the husband moved the trial court to order the wife to vacate the marital residence and to hold her in contempt because, he said, she had not vacated the marital residence within the time limit imposed by the divorce judgment. The wife alleged that she had not vacated the marital residence because she had been bedridden due to an illness. On February 26, 2003, the trial court denied the husband’s motion.
On May 23, 2003, the wife filed a rule nisi petition, seeking an order compelling the husband either to tender her $20,000 or to place the marital residence on the market for sale immediately. Moving the trial court to dismiss the wife’s petition, the husband argued that the wife had forfeited her interest in, the marital residence by failing to seek enforcement of the divorce judgment within the 45-day period specified by paragraph 10 of the divorce judgment. The trial court dismissed the wife’s petition on October 6, 2003.
On November 5, 2003, the wife moved the trial court to alter, amend, or vacate the judgment dismissing her rule nisi petition. However, before the trial court had ruled on her postjudgment motion, the wife filed a notice of appeal to this court on November 17, 2003. While the wife’s appeal was pending, the trial court held a hearing on her postjudgment motion and, on December 4, 2003, set aside its judgment dismissing the wife’s petition. This court subsequently dismissed the wife’s appeal on December 19, 2003. See Vest v. Vest, 898 So.2d 935 (Ala.Civ.App.2003) (table).
On January 23, 2004, the husband moved for a summary judgment with respect to the wife’s rule nisi petition. In his motion, the husband argued that he was entitled to a judgment as a matter of law because, he said, the trial court, in its divorce judgment, unambiguously reserved jurisdiction for only 45 days following the entry of the divorce judgment, the wife had not timely appealed that judgment, and, therefore, the wife had forfeited her interest in the marital residence as provided by paragraph 10 of the divorce judgment.
On February 27, 2004, the wife filed a motion to clarify and enforce the divorce judgment. On March 1, 2004, the trial court held a hearing on the parties’ motions and then denied the husband’s motion for a summary judgment.
On May 14, 2004, the husband again moved the trial court for a summary judgment, based on the same arguments he had asserted in his January 23, 2004, motion. On May 25, 2004, the husband amended his motion for a summary judgment, arguing that he was entitled to a judgment as a matter of law because, he said, the wife’s petition for a rule nisi was barred because it was a compulsory counterclaim that she was obligated to plead in response to his December 18, 2002, motion to enforce the divorce judgment and she had not pleaded it in response to that December 18, 2002, motion.
On June 1, 2004, the wife moved the trial court to dismiss the husband’s motion for a summary judgment. On June 16, 2004, the trial court held a hearing on the parties’ motions and received ore tenus evidence. The trial judge indicated at the hearing that he was going to grant the husband’s summary-judgment motion on the ground that the divorce judgment limited the jurisdiction of the trial court to a *762 period of 45 days following the entry of the divorce judgment.
On September 23, 2004, the trial court entered a written summary judgment in favor of the husband. In the written summary judgment, the trial court did not specify its grounds for entering the summary judgment. The wife filed a post-judgment motion, which was subsequently denied. The wife then timely appealed the summary judgment.
On appeal, the wife argues that the trial court erred in granting the husband’s motion for a summary judgment. Specifically, she argues that the husband is not entitled to a summary judgment because, she argues, (1) trial courts have the inherent power to enforce their judgments; (2) the parties cannot comply with the divorce judgment because it is ambiguous and it is impossible for the parties to comply with; (3) the trial court denied the wife due process of law by limiting its power to enforce the divorce judgment to a period of 45 days following the entry of the divorce judgment; (4) a genuine issue of a material fact exists regarding whether the husband complied with the divorce judgment; and (5) she pleaded several meritorious affirmative defenses.
“We review a summary judgment de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that there exists no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952 (Ala.2004).”
Turner v. Westhampton Court, L.L.C., 903 So.2d 82, 87 (Ala.2004). Additionally,
“in Callaway v. Whittenton, 892 So.2d 852 (Ala.2003), this Court stated:
“ ‘ “ ‘Regarding a question of law, ... this Court indulges no presumption of correctness as to the trial court’s ruling.’ ” ’
“(Quoting Eagle Prods., Inc. v. Glasscock, 882 So.2d 280, 282 (Ala.2003), quoting in turn Bell v. T.R. Miller Mill Co., 768 So.2d 953, 956 (Ala.2000).)”
State Farm Mut. Auto. Ins. Co. v. Brown, 894 So.2d 643, 647 (Ala.2004). Furthermore, “ ‘[w]hen a trial judge’s ruling is not based substantially on testimony presented live to the trial judge, review of factual issues is de novo.’” Goodwyn, Mills & Cawood, Inc. v. Market Ins. Co., 911 So.2d 1044, 1047 (Ala.2004) (quoting Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999)).
Article 1, § 13, of the Alabama Constitution of 1901, states: “That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial or delay.” Furthermore, “[t]his section of our constitution secures every citizen against arbitrary action of those in authority....” McCollum v. Birmingham Post Co., 259 Ala. 88, 95, 65 So.2d 689, 695 (1953). Moreover, “ ‘[d]ue process requires that the court which assumes to determine the rights of parties shall have jurisdiction to hear and determine.’ ” McCollum, 259 Ala. at 95, 65 So.2d at 694-95 (quoting Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 546, 68 So. 971, 979 (1915)).
In Ex parte Franklin, 792 So.2d 444 (Ala.Crim.App.2001), the Court of Criminal Appeals held that the trial court’s judgment prohibiting an inmate from filing any postconviction petitions violated the Due Process Clause of the Fourteenth Amend *763 ment of the United States Constitution.[1] The Franklin court stated:
“ ‘Courts have an “inherent power ... to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.” Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). While those conditions may be “onerous,” they “cannot be so burdensome, however, as to deny a litigant meaningful access to the courts.” Cotner, 795 F.2d at 902.’ ”
Ex parte Franklin, 792 So.2d at 445-46 (quoting Peoples v. State, 531 So.2d 323, 326-27 (Ala.Crim.App.1988)). See also Ex parte Magouirk, 804 So.2d 308 (Ala.Crim. App.2001).
In the case now before us, the trial court, by limiting the wife’s ability to seek postjudgment relief to a period of 45 days following the entry of the divorce judgment, improperly purported to limit the wife’s access to the courts in violation of Art. 1, § 13, Ala. Const, of 1901. Cf, Ex parte Franklin, supra; and Ex parte Magouirk, supra. Moreover, because the provision of the divorce judgment purporting to limit the wife’s ability to seek post-judgment relief to a period of 45 days was invalid, the trial court erred in entering a summary judgment in favor of the husband on the basis of that invalid provision. Consequently, we reverse the trial court’s judgment and remand the case for further proceedings consistent with this opinion.
APPLICATION GRANTED; NO-OPINION AFFIRMANCE OF APRIL 14, 2006, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
CRAWLEY, P.J., concurs in the result, with writing.
THOMPSON and MURDOCK, JJ„ concur in the result, without writing.
BRYAN, J., dissents, with writing, which PITTMAN, J., joins.

. Alabama courts have likened the due-process provision of Ala. Const, of 1901, Art. 1, § 13, to the Due Process Clause of the Fourteenth Amendment of the United States Constitution. See Moore v. Ray Sumlin Constr. Co., 570 So.2d 573, 575 (Ala.1990) (concluding that remanding for a new trial without first giving the appellee the opportunity to explain its race-neutral peremptory challenges would violate both the Due Process Clause of the Fourteenth Amendment and Art. 1, § 13, Ala. Const, of 1901).